UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARL ANTHONY RANDOLPH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-01156** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION "T" (3)** |

**REPORT AND RECOMMENDATION**

Plaintiff Carl Anthony Randolph filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment. The issues are thus ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

**I.   BACKGROUND**

Plaintiff filed his application for SSI on February 2, 2018, alleging a disability onset date of June 2, 2016. (Adm. Rec. at 10, 120). Plaintiff alleged disability due to diabetes, high blood pressure, peripheral neuropathy, high cholesterol levels, lower back osteoarthritis, neck problems and vision problems. (*Id.* at 142). Plaintiff, born on August 30, 1967, was 49 years old on the date in which he alleged disability. (*Id.* at 120). Plaintiff has a high-school education, (*id.* at 30) and has past work experience as a box machine operator, animal stunner, garbage truck worker, dishwasher, handyman, and mechanic. (*Id.* at 31-32, 158-61).

The Social Security Administration initially denied plaintiff's application on May 9, 2018. (*Id.* at 62). Plaintiff sought an administrative hearing, which defendant held on February 4, 2019.

1

(*Id.* at 24-50). Plaintiff and a vocational expert ("VA"), Patricia B. Ehlinger, testified at the hearing. (*Id.* at 10, 25-26).

On April 10, 2019, the ALJ issued a decision in which he concluded that plaintiff is not disabled. (*Id.* at 10-19). In the decision, the ALJ concluded that plaintiff has the severe impairments of osteoarthritis, degeneration of the cervical spine, and residual symptoms of a fracture and surgical fixation to the right hand. (*Id.* at 12). The ALJ ultimately held, however, that plaintiff does not have an impairment or a combination or impairments that meets or medically equals a listed impairment under the regulations. (*Id.* at 14). The ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform light work activity, as defined in 20 C.F.R. § 404.1567(b), with the exception that such work may require only up to frequent handling and fingering with the right dominant hand. (*Id.* at 15). Ultimately, the ALJ concluded that plaintiff can perform the jobs of building cleaner, office helper, and laundry worker. (*Id.* at 18). The ALJ thus denied plaintiff SSI. (*Id.*)

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he is not disabled. On February 11, 2020, the Appeals Council denied plaintiff's request. *(Id.* at 1-6). Plaintiff then timely filed this civil action.

## II. STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d

243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey*, 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence existed to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III. ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered disabled only if a physical or mental impairment is so severe that the claimant is unable to do not only his previous work, but cannot, considering age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if she or he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing

4

>impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make a disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV. ISSUES ON APPEAL

There is one issue on appeal:

(1) Whether the ALJ's RFC assessment as it relates to Plaintiff's right-hand impairment is supported by substantial evidence.

## V. ANALYSIS

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because he failed to properly develop the record regarding Plaintiff's right hand impairment and residual limitations. (Rec. Doc. No. 19-2 p. 1). Plaintiff's RFC is the most a claimant can still do despite his/her limitations and is determined by assessing all the relevant evidence. 20 C.F.R. § 416.945(a)(1). The RFC findings must be supported by substantial evidence in the record. *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ has a duty to develop

the record before determining the claimant is not disabled. *Id.*; 20 C.F.R. § 404.1545(a)(3). However, this duty must be balanced against the fact that claimant's bear the burden of proof up through step four of the evaluation process. *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Moreover, the obligation to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Such is not the case here.

Plaintiff further argues that the ALJ should have sought a consultative examination and medical expert opinion rather than interpreting the medical evidence himself. (Rec. Doc. No. 19-2 p. 4-6). However, the Fifth Circuit has rejected this argument. In *Taylor v. Astrue*, the Fifth Circuit found that "under the regulations and our case law, the determination of residual functional capacity is the sole responsibility of the ALJ." *Taylor v. Astrue*, 480 Fed. Appx. 302, 304 (5th Cir. 2012). The Court found that what the plaintiff characterized as the ALJ substituting his opinion was actually the ALJ properly interpreting the medical evidence to determine his capacity for work. *Id.* "[Ex[perienced ALJs can draw their own conclusions [as to disability status] based on accurate medical information." *Barrett v. Berryhill*, 906 F.3d 340, 343 (5th Cir. 2018).

Here, the ALJ considered the series of x-rays and examinations tracing plaintiff's progression from a right hand injury and pin insertion surgery in October 2017, through the April 2018 surgery to remove the pins, to the ensuing visit to remove the sutures. (Adm. Rec. 16-17, 355-56, 360-77, 365-71, 374-77, 381-82). One week after the pin removal, Plaintiff reported "significant improvement in pain." (*Id.* at 365). Three months later, Plaintiff reported "much improvement in overall right hand pain." (*Id.* at 368). At that same appointment, the physician found "healing, well-aligned fracture of the 2nd metacarpal" and described it as "routine healing." (*Id.* at 371). While there is record of complaints for stiffness of the right index metacarpal joint,

6

nothing in the record suggests overall dysfunction of the hand. (*Id.*) Moreover, Plaintiff stated that from time to time he washes dishes, folds clothes, vacuums, and mops. (Adm. Rec. at 36, 39).

The above illustrates that there is substantial evidence to support the Commissioner's decision. If substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 17th day of November 2021.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**